G. Herbert PERKINS, Libelant-Plaintiff-
Appellant,

v.

UNION BARGE LINE CORPORATION,
Respondent-Defendant-Appellee.

No. 16828.

United States Court of Appeals
Sixth Circuit.

Feb. 15, 1967.

Emmett A. Pedley, Cleveland, Ohio, Edward J. Kirk, Cleveland, Ohio, John X. Monahan, Cincinnati, Ohio, on brief, for appellant.

Don Burkholder, Cincinnati, Ohio, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Libelant-plaintiff-appellant filed a complaint against the Union Barge Line Corporation in two counts. The first was an admiralty count which alleged

that plaintiff was injured as a result of the unseaworthiness of a barge owned by respondent. The second count was in law, alleging the same injuries and asserting a right to compensation under the Jones Act, 41 Stat. 1007 (1920), 46 U.S.C. § 688 (1964). After several amendments to the complaint, respondent moved to dismiss.

The District Judge held that the complaint did not state a cause of action in either count and dismissed.

The pleadings filed in this case allege that respondent Union Barge Line had a tug company tow a barge belonging to respondent to a dock on the Ohio River so that the plaintiff's employer, the M. D. Friedman Company, a scrap yard dealer, could load it. The river was rising. The barge was moored by steel cables which had become slack, and it was beginning to bang against the pilings, with the possibility of snapping the lines and becoming a hazard to navigation. The Friedman Company foreman ordered plaintiff to go aboard the barge and seek to moor it properly to the dock. Attempting to do so by hauling on the steel cable, the appellant was caused to fall into the hold of the barge and suffered the injuries concerned. The unseaworthiness charged is the use of steel cable for mooring lines rather than manilla rope, because the steel cable is so difficult to handle.

When respondent moved to dismiss the third amended complaint, appellant sought leave of the court to amend its third amended complaint by adding to the first count these words:

"Respondent had engaged Friedman & Co. to make changes in mooring, at its discretion, until said barge was again taken in tow."

Previously the complaint had included (not in the first but in the second count) these words:

"[I]t was also the consistent practice over a period of years, of defendant to procure the shifting of the barge by the M. D. Friedman Co. * * *"

The obvious purpose of this proposed amendment is to seek to bring appellant's pleading within the following rule set forth in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946):

"Not the owner's consent to liability, but his consent to performance of the service defines its boundary. That this is given by contract with the worker's employer rather than with the worker himself does not defeat the responsibility." Seas Shipping Co. v. Sieracki, supra at 96, 66 S.Ct. at 878.

The District Judge in dealing with the first count denied the proposed amendment and held that on the previously pleaded facts appellant was "little more than a trespasser."

■ We believe that under the liberal rules of pleading set forth in the then applicable Admiralty Rule 23, the amendment should have been allowed. Although the District Judge had already allowed several amendments, the case had not been set for trial and the proposed language could not have been a matter of surprise to respondent.

■ As amended, we believe that Count I does state a cause of action for injury due to unseaworthiness. Seas Shipping Co. v. Sieracki, supra; Pope and Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). See also Nelson v. Greene Line Steamers, Inc., 255 F.2d 31 (C.A. 6, 1958), cert. denied, 358 U.S. 867, 79 S.Ct. 100, 3 L.Ed.2d 100 (1958). It will, of course, be incumbent upon plaintiff to prove his allegations by substantial evidence.

As to the second count, which was filed under the Jones Act, supra, it is our view that appellant has not on these pleadings shown himself to have a claim under the terms of the Act.

■■ The Jones Act is an employer liability act and employee rights thereunder do not extend to suits against a third party who is not the employer. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 790–791, 69 S.Ct. 1317,

93 L.Ed. 1692 (1949); Turner v. Wilson Line of Massachusetts, 242 F.2d 414, 417, (C.A. 1, 1957); Wilkes v. Mississippi River Sand & Gravel Co., 202 F.2d 383, 388 (C.A.6, 1953), cert. denied, 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344 (1953).

Appellant does not allege that respondent was his employer in fact, and his pleaded facts do not state a case under "the loaned servant" doctrine. Shenker v. Baltimore & Ohio R. R., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963); Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480 (1909).

It is therefore ordered that the District Judge's dismissal of Count II of the third amended complaint be affirmed.

It is further ordered that this case be reversed and remanded for trial on the remaining Count I, in accordance with this opinion.