Craig PETERS, Plaintiff–Appellant,

v.

TITAN NAVIGATION COMPANY; Hyundai Mipo Dockyard Co., Ltd.; John J. McMullen Associates, Inc., Defendants–Appellees.

Craig PETERS, Plaintiff–Appellee,

v.

TITAN NAVIGATION COMPANY, Defendants,

and

John J. McMullen Associates, Inc., Defendant–Appellant.

Nos. 86–4252, 86–4260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1988.

Decided Sept. 22, 1988.

yard, and McMullen, a marine architect firm, supervised the project. Under the operation of Titan Navigation (Titan), the ship sailed for Portland in April 1983. During the voyage, the crew encountered substantial problems with the ship's hydraulic system. In Muroran, Japan, the system failed under pressure and leaked hydraulic fluid. When the ship arrived in the Columbia River near Portland, the hydraulic system again was activated. The forward hydraulic system experienced an explosive failure and sprayed hydraulic fluid throughout the forward pump room, including the stairway leading to it.

On May 9, 1983, the ship arrived in Portland. Titan had arranged with Dillingham Ship Repair (Dillingham) to perform the repair work on the hydraulic system. Peters, a machinist foreman for Dillingham, boarded the ship with another foreman to inspect the hydraulic system and to determine the extent of the necessary repairs. Peters proceeded to the forward pump room, which contained part of the hydraulic system that needed repair, and he looked at the room from above. He did not enter the room because "[he] was already familiar with everything that was down there, and it was oily and stuff so it had to be cleaned up, too." Peters told his supervisor that the room needed to be cleaned up before the repair operations could begin. A Dillingham labor crew was dispatched to clean the area.

The following morning, Peters and two other men began to work in the forward pump room. They walked down the staircase to the pump room and Peters observed that the room had not been cleaned. Peters had the authority to prevent the crew from working in the forward pump room if that work area was unsafe; nonetheless, the men began the repairs. After working in the room for an hour or two, Peters went up the stairs to retrieve some cleaning rags. During his descent he lost his footing and slid down the stairs.

Katherine E. Tennyson, and Grover C. Dahn, Dahn & Morrison, Beaverton, Or., for plaintiff-appellant-cross-appellee Craig Peters.

Floyd A. Fredrickson, William, Fredrickson, Stark & Weisensee, Portland, Or., for defendant-appellee-cross-appellant McMullen Associates, Inc.

Before HALL and O'SCANNLAIN, Circuit Judges, and KELLER, District Judge.*

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant Craig Peters appeals from the grant of summary judgment in favor of defendants-appellees Hyundai Mipo Dockyard Co., Ltd. (Hyundai) and John J. McMullen Associates, Inc. (McMullen). Peters had sought recovery for personal injuries he sustained while working aboard the vessel GOLDEN PHOENIX.

I

Prior to its arrival in Portland, Oregon, the GOLDEN PHOENIX was converted in South Korea from a liquefied natural gas carrier to a bulk products carrier. Hyundai performed the conversion at its ship-

* Honorable William D. Keller, United States District Judge for the Central District of California, sitting by designation.

Peters filed a maritime tort suit in state court pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1). Defendants removed the suit based on diversity. 28 U.S.C. § 1441. Peters contended that Hyundai negligently performed the conversion work of the ship's hydraulic system, that McMullen negligently failed to inspect Hyundai's work, and that this negligence caused his injury. For the purposes of their summary judgment motion, Hyundai and McMullen conceded that they inadequately performed their conversion responsibilities. They contended, however, that they owed Peters no duty of care. The district court ruled that Hyundai and McMullen were not liable for Peters' injuries because Peters was injured by a defective condition he was hired to correct. We affirm.

## II

We review de novo a grant of summary judgment. *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.*, 848 F.2d 976, 979 (9th Cir.1988). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986). Peters claims that the district court misapplied the law in determining that Hyundai and McMullen were not liable.

## III

■ Federal maritime law governs the rights and obligations of the parties in this diversity case. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 408–09, 3 L.Ed.2d 550 (1959). This is a maritime tort action for negligence. Peters is not a seaman, but a ship repairman. Hyundai and McMullen are not Peter's employer. Therefore, the duty owed Peters is the ordinary negligence duty of reasonable care under the circumstances. *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 708 (5th Cir.1981); *see also Kermarec*, 358 U.S. at 629–32, 79 S.Ct. at 409–11; 1 M. NORRIS,

THE LAW OF MARITIME PERSONAL INJURIES 4–5, 117–18 (3d ed. 1975).

In a case similar to this one, *Meserole v. M/V Fina Belgique*, 736 F.2d 147 (5th Cir. 1984), the Fifth Circuit discussed the tort liability of a vessel owner to a repairman who was injured while repairing the very condition his employer was hired to fix. Meserole was part of a crew hired to perform some repairs on a ship. On the deck was a film of oil. While working on the ship, Meserole claimed he slipped and hurt himself because his shoes had picked up oil from the deck. Meserole claimed the vessel owner negligently turned over the ship with oily decks, thus in an unsafe condition.

Affirming the grant of summary judgment in favor of the ship, the Fifth Circuit held that because cleaning the oil from the work area was a necessary first step in doing the repair work, the vessel owner was not liable for dangers inherent in carrying out the repair contract. *Id.* at 149. This principle has been recognized in a number of other Fifth Circuit cases. *See Stass v. American Commercial Lines, Inc.*, 720 F.2d 879, 884 (5th Cir.1983) (cleaning areas to be repaired was a necessary first step in doing the work; injury caused by risk inherent in carrying out a repair contract); *Duplantis v. Zigler Shipyards, Inc.*, 692 F.2d 372 (5th Cir.1982) (same); *Hill v. Texaco, Inc.*, 674 F.2d 447, 452 n. 5 (5th Cir.1982) (ship may not be found negligent because condition that requires repair or inspection injures person hired to repair or inspect).

■ In this case, Peters' employer was hired to repair the leaking hydraulic system. Cleaning up the oil that had sprayed throughout the forward pump room was a necessary first step in doing the repair work. For this reason, Peters cannot recover under his claim that the negligence of Hyundai and McMullen caused his injury: he was employed to correct the very condition their action or inaction created.

Peters urges us not to follow the reasoning of these recent Fifth Circuit cases because they involve suits against vessels under 33 U.S.C. § 905(b) and because sec-

tion 905 establishes "special kinds of rights and obligations among shipowners, the longshore worker employers, and the employees." However, section 905 preserved, rather than created, a longshoreman's negligence cause of action against a vessel. *See Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 165, 101 S.Ct. 1614, 1620–21, 68 L.Ed.2d 1 (1981) (section 905 abolished a longshoreman's right to recover for unseaworthiness and codified his right to recover for negligence). The duty a vessel owes a longshoreman is a "duty of reasonable care." *Subingsubing v. Reardon Smith Line, Ltd.*, 682 F.2d 779, 780–81 (9th Cir.1982); *see Scindia*, 451 U.S. at 163 n. 10, 101 S.Ct. at 1620 n. 10 (shipowner has "duty of reasonable care under the circumstances"). This is the duty that applies in other maritime negligence actions. *See Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 708 (5th Cir.1981); *see also Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 629–32, 79 S.Ct. 406, 409–11, 3 L.Ed.2d 550 (1959). Therefore, we find the limits of negligence liability in section 905 cases against a vessel instructive on the limits of negligence liability in suits against other defendants.

Furthermore, these Fifth Circuit cases are in accord with maritime tort decisions decided before the enactment of section 905(b). These cases held that there is no negligence liability when a repairman is injured by the very condition he is hired to repair. *See West v. United States*, 361 U.S. 118, 123, 80 S.Ct. 189, 193, 4 L.Ed.2d 161 (1959) (no duty to protect plaintiff from risks inherent in carrying out the contract); *Filipek v. Moore–McCormack Lines, Inc.*, 258 F.2d 734, 737 (2d Cir.1958) (no negligence liability because defendant was under no duty to protect plaintiff from risks inherent in the hazardous testing for which he was hired), *cert. denied*, 359 U.S. 927, 79 S.Ct. 605, 3 L.Ed.2d 629 (1959); *Brusz-*

*ewski v. Isthmian S.S. Co.*, 163 F.2d 720, 722 (3rd Cir.1947) (denying recovery to longshoreman who was injured while repairing a condition he was hired to fix), *cert. denied*, 333 U.S. 828, 68 S.Ct. 451, 92 L.Ed. 1113 (1948); *Byars v. Moore–McCormack Lines*, 155 F.2d 587, 588 (2d Cir.1946) (no liability because repairman was warned of defective condition which injured him and given possession of ship to repair it); *see also Lettsome v. United States*, 411 F.2d 917, 922 (5th Cir.1969) (general rule in maritime negligence cases is that a person injured by a defect he is hired to correct may not recover damages from his employer).

Finally, the Fifth Circuit cases follow a well-established principle of land-based tort law [1] that "[a]n employee cannot recover for injuries received while doing an act to eliminate the cause of the injury." *Kowalsky v. Conreco Co.*, 264 N.Y. 125, 128, 190 N.E. 206, 207 (1934); *see Broecker v. Armstrong Cork Co.*, 128 N.J.L. 3, 24 A.2d 194 (N.J.1942) (injury caused by the very condition which the plaintiff was engaged to correct and was correcting is not actionable).

For these reasons, we hold that the district court properly granted summary judgment in favor of Hyundai and McMullen because Peters was injured by the very condition he was hired to repair.[2]

Because we affirm the grant of summary judgment in favor of McMullen and Hyundai, we need not address the constitutional claim raised in McMullen's cross-appeal that the district court improperly exercised personal jurisdiction in violation of the due process clause. *See Hurd v. Hodge*, 334 U.S. 24, 30 n. 6, 68 S.Ct. 847, 850–51 n. 6, 92 L.Ed. 1187 (1948); *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 630 (9th Cir.1982) ("We should not pass upon a constitutional question, although it be properly presented by the record, if

---

**1.** In maritime tort cases, general principles of negligence law guide the federal courts. *See Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988).

**2.** Dismissal of Peters' suit does not leave him without a remedy. Peters has received benefits from Dillingham under the Longshoremen's and Harbor Workers' Act and has received vocational rehabilitation.

there is a nonconstitutional ground upon which the case may be decided.'').