**Kennena S. SUGDEN, individually, as personal representative of the Estate of Kenneth E. Sugden, deceased, and as guardian ad litem for minor children, Kevin P. Sugden and Jennifer S. Sugden, Plaintiffs,**

v.

**PUGET SOUND TUG & BARGE CO., A DIVISION OF CROWLEY MARITIME CORPORATION, a corporation; and Duwamish Shipyard, Inc., a corporation, Defendants.**

**No. C91–889R.**

United States District Court,
W.D. Washington,
at Seattle.

May 22, 1992.

Robert M. Kraft, Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz, Seattle, Wash., for Kennena S. Sugden.

William Jennings O'Brien, III, Bauer, Moynihan & Johnson, Seattle, Wash., for Puget Sound Tug & Barge Co.

William Lawrence Black, III, Cynthia L. Pevehouse, Lane, Powell, Spears, Lubersky, Seattle, Wash., for Duwamish Shipyard, Inc.

ORDER DENYING DEFENDANT DUWAMISH SHIPYARD'S MOTION IN LIMINE DISMISSING PLAINTIFF'S NON–PECUNIARY DAMAGE CLAIMS

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendant Duwamish Shipyard's motion in limine for partial summary judgment dismissing plaintiff's claim for non-pecuniary damages. Having reviewed the matter, together with all documents in support

---

and in opposition, and being fully advised, the court finds and rules as follows:

## I. FACTUAL BACKGROUND

This is a wrongful death action, in admiralty, brought by the estate and surviving family members of Kenneth Sugden against Puget Sound Tug & Barge/Crowley Maritime, Corp. ("Crowley") and Duwamish Shipyard, Inc. ("Duwamish"). In May of 1991, defendant Duwamish Shipyard, Inc. installed a "moon pool" on Barge 217, owned and operated by Crowley Maritime, Corp. The moon pool is a tubular pipe, approximately four feet in diameter, that runs from the bottom of the barge's hull to the top deck. Pursuant to its work agreement with Crowley, Duwamish also built a cover to be installed on the deck of the barge over the moon pool.

On May 15, 1991, Kenneth Sugden was working aboard the tug Puerto Nuevo, which was retrieving barge 217 from a dock following Duwamish' completion of work on the moon pool and cover. Mr. Sugden drowned, apparently when he fell into the moon pool. His estate and survivors filed this action for breach of contract, negligence and unseaworthiness. Defendant Duwamish now moves for partial summary judgment dismissing plaintiff's claims for non-pecuniary damages.

## II. DISCUSSION

The precise issue presented by this motion is: may family members of a deceased Jones Act seaman recover non-pecuniary damages in a wrongful death action under the general maritime law from a defendant who was not his employer? Defendant Duwamish contends that a recent Supreme Court decision, *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) bars a seaman's recovery of non-pecuniary damages in all suits under the general maritime law.

*Miles* was a wrongful death action brought by a Jones Act seaman's mother. The decedent was killed by a fellow crew member while his ship was docked in Vancouver, Washington. Plaintiff sued her son's employer under the Jones Act, 46 U.S.C.App. § 688, and for unseaworthiness under general maritime law. Plaintiff's suit sought in part to recover her non-pecuniary damages for loss of society.

*Miles* first affirmed that there is a general maritime cause of action for the wrongful death of a seaman, extending the holding in *Morgane v. United States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), which had created such a remedy for the wrongful death of a longshoreman. *Miles*, 111 S.Ct. at 324. Second the court set out to clarify the scope of damages recoverable in such an action. *Id.*

The Court had previously considered this issue in *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). *Gaudet* involved a general maritime action to recover for the wrongful death of a longshoreman on territorial waters. The Court held that a dependent plaintiff in a wrongful death action could recover for non-pecuniary damages, including loss of society, suffered as a result of the death. *Id.* at 588–89, 94 S.Ct. at 816–17.

The Court next considered this issue in the context of a death on the high seas in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). The court held that *Gaudet* applied only to territorial waters because Congress, in the Death on the High Seas Act (DOSHA) had expressly limited recovery outside of territorial waters to pecuniary damages. 46 U.S.C.App. § 762. The Court held that since Congress had spoken directly on the issue of the scope of recovery for death on the high seas, the Courts "were not free to supplement Congress' answer so thoroughly that the act becomes meaningless." *Id.* at 625, 98 S.Ct. at 2015.

Neither opinion considered the effect of the Jones Act, 46 U.S.C.App. § 688, on the scope of recovery for deaths of true seamen under general maritime law. The Jones Act, like DOSHA, generally limits recovery for wrongful death to pecuniary damages. *Miles*, 111 S.Ct. at 325. Consistent with *Higginbotham*, the Court held that "there is no recovery for loss of socie-

ty in a general maritime action for the wrongful death of a Jones Act seaman." *Id.*, 111 S.Ct. at 326.

Duwamish now contends that *Miles* eliminates the plaintiff's right to recovery nonpecuniary damages arising out of the accident at issue in this case. This court disagrees.

The primary focus of the Court's reasoning in *Miles* was the need for uniformity among the various actions for the wrongful death of a seaman, whether brought under the Jones Act, DOSHA, or general maritime law. *Id.* The court reasoned that

it would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

*Id.*

But the Court in *Miles* did not reach the issue in the case at bar. Plaintiff here concedes she has no right to non-pecuniary damages from her late husband's employer, Puget Sound Tug and Barge.

■ Rather, plaintiff here seeks non-pecuniary damages only from Duwamish, a non-employer, under general maritime law. Duwamish concedes that plaintiff has a cause of action against it under general maritime law. Both parties also agree that the shipyard owed the decedent, as the employee of a third party, a duty of reasonable care under the circumstances. *Peters v. Titan Navigation Co.*, 857 F.2d 1342 (9th Cir.1988). Finally, it is beyond dispute that a seaman has no cause of action under the Jones Act against a party other than his or her employer. *Rodriguez v. Flota Mercante Grancolombiana, S.A.*, 703 F.2d 1069 (1983); *Perkins v. Union Barge Line Corp.*, 373 F.2d 714 (6th Cir.1967).

These principles of law illustrate that the concern for uniformity that motivated the Supreme Court in *Miles* does not exist in this case. Plaintiff's husband was, in ef-

fect, not a Jones Act seaman for purposes of this suit against Duwamish. Duwamish's duty of care to plaintiff was less than a Jones Act employer's to its employees under either the Jones Act or the general maritime law. In short, the principles the Court announced in *Gaudet*, and not *Miles*, control here. *See, e.g., Rebstock v. Sonat Offshore Drilling,* 764 F.Supp. 75 (E.D.La. 1991).

### III. CONCLUSION

NOW, THEREFORE, defendant Duwamish Shipyard Inc.'s motion in limine dismissing plaintiff's non-pecuniary damage claims is DENIED.