990 F.2d 1259
 1993 A.M.C. 2408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewelyn v. PICAR, Plaintiff-Appellant,
v.
F/V BLUE HORIZON, et al., Defendant-Appellee.
 No. 91-16644.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1993.
Decided March 18, 1993.
 
 Before CHOY, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lewelyn Picar was injured while a passenger aboard a charter fishing vessel owned by the defendants. After a trial before the district judge, the judge found that the defendants were not negligent and entered judgment in favor of the defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Contrary to Picar's assertions, the district court applied the proper standard of care. The parties agree that the standard of care is governed by Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1959). The district judge, citing Kermarec, articulated the standard as "reasonable care under the circumstances." According to Picar, the judge should have applied a higher standard of "reasonable care under the circumstances of each case. " Kermarec, 358 U.S. at 632 (emphasis added). There is no significant difference between these formulations of the standard of care. The judge was clearly aware that a determination of reasonableness necessarily involves a review of the circumstances of each case. It is also clear that the district court cited Peters v. Titan Navigation Co., 857 F.2d 1342 (9th Cir.1988), only to illustrate that the Ninth Circuit follows Kermarec in applying a standard of "reasonable care under the circumstances." We conclude that the district court applied the proper standard of care.
 
 
 4
 The remainder of Picar's arguments boil down to a claim that the district court's findings were erroneous. We review a determination of negligence for clear error. Ludwig v. Pan Ocean Shipping Co., 941 F.2d 849, 850 (9th Cir.1991). In a nine-page opinion, the district judge carefully explained the basis for his finding that the defendants were not negligent. There was substantial credible evidence that (1) the speed of the ship was reasonable in the circumstances, and (2) the failure to warn the passengers to hold onto a railing was reasonable in light of the obviousness of the hazards. The district court's findings were not clearly erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3