In the Matter of the Petition of CLEVE-LAND TANKERS, INC. as Owner and Operator of the M/V JUPITER for Exoneration From or Limitation of Liability,

Paula M. SEXTON, Representative of the Estate of Thomas Sexton, Plaintiff,

v.

AMERICAN STEAMSHIP COMPANY, Cleveland Tankers, Inc. and Total Petroleum, Inc., Defendants.

No. 91–CV–70661–DT.

United States District Court, E.D. of Michigan, S.D.

Jan. 26, 1994.

---

Dennis M. O'Bryan, Birmingham, MI, for claimants Sharjatt, Mussu, Prescott III, Mohamed.

Thomas W. Emery, Detroit, MI, for American S.S. Co.

---

**12.** The MEA service fee reflects a $2.00 deduction to make allowance for potential disputes.

John L. Foster, Paul D. Galea, Detroit, MI, for Cleveland Tankers.

Donald J. Miller, Helm, Miller & Miller, Richard J. McClear, Dykema Gossett, Detroit, MI (Timothy M. Buck, Meyer, Orlando & Evans, Houston, TX, of counsel), for Total Petroleum.

Leonard C. Jaques, Detroit, MI, for James T. Warren, Joseph Callahan, Paula Sexton.

Merritt W. Green, II, Traverse City, MI, for claimant Walton.

## OPINION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE/PARTIAL SUMMARY JUDGMENT TO EXCLUDE EVIDENCE OF LOSS OF CONSORTIUM AND/OR LOSS OF COMPANIONSHIP AND SOCIETY

DUGGAN, District Judge.

Presently before this Court are the claims of Paula Sexton, in her capacity as the personal representative of the estate of Thomas Sexton. Defendants Total Petroleum, Inc., ("Total"), and American Steamship Company, ("ASC"), seek a motion in limine to exclude any evidence of loss of consortium and/or loss of companionship and society.[1] (Total's Brief dated January 11, 1994).

█ The precise issue presented by this motion is whether family members of a deceased Jones Act seaman may recover nonpecuniary damages in a wrongful death action under the general maritime law from a defendant who was not his employer. Defendants argue that the reasoning the Supreme Court used in *Miles* to preclude loss of consortium damages to a Jones Act seaman also applies when a plaintiff asserts a general maritime action against a non-employer defendant. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); *Miller v. American President Lines, Ltd.*, 989 F.2d 1450 (6th Cir.1993). Defendants argue that the availability of loss of consortium damages does not hinge upon whether the cause of action is based upon

common law negligence, or is based upon statute, or whether the defendant is an employer or a non-employer. (Brief at 3). Accordingly, defendants claim that if this Court allows "recovery of damages for loss of consortium and/or loss of companionship and society under the general maritime law of negligence against Total [and ASC] when they are not available against Cleveland Tankers under a statutory cause of action, the court would be restoring the very inconsistencies sought to be eliminated in *Miles* and *Miller*."

Defendants seek to apply *Miles* and *Miller* in too broad a fashion. This Court does not read *Miles* to mean that there can be no recovery of loss of consortium damages in any claim under general maritime law. The Supreme Court in *Miles* affirmed that there is a general maritime cause of action for the wrongful death of a seaman, extending the holding in *Moragne v. United States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), which had created such a remedy for the wrongful death of a longshoreman. *Miles*, 498 U.S. at 29–30, 111 S.Ct. at 324. Second, the Court set out to clarify the scope of damages recoverable in such an action. *Id.* Specifically, the Supreme Court addressed the question of whether a nondependent parent of a Jones Act seaman who was killed by a fellow crew member could recover loss of society damages under the general maritime law against decedent's employer. *Miles*, 498 U.S. at 29–30, 36, 111 S.Ct. at 324, 328. The Court did not address whether a seaman could recover loss of society damages against a nonemployer defendant under general maritime law.

The primary focus of the Court's reasoning in *Miles* was the need for uniformity among the various actions for the wrongful death of a seaman, whether brought under the Jones Act, DOSHA, or general maritime law. *Id.* at 326, 498 U.S. at 34. Indeed, in *Miles*, the Court noted that the Jones Act was created to establish a uniform system of tort law available against a seaman's employer, and Congress explicitly incorporated FELA, un-

---

1. ASC joined in Total's motion in limine and relies upon the brief submitted by Total. (ASC

Brief dated January 18, 1994).

altered, into the Jones Act. *Miles*, 498 U.S. at 29–33, 111 S.Ct. at 324–326. The Court concluded that because FELA foreclosed the availability of loss of society damages against an employer, a Jones Act seaman could not recover these damages, despite the availability of loss of society damages in the "more expansive remedies in a general maritime action." *Miles*, 498 U.S. at 31–33, 36, 111 S.Ct. at 325–326, 328. Thus, the Court declined to upset the balance Congress created in the Jones Act by allowing recovery of damages Congress did not intend; "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action...." *Id.*, 498 U.S. at 32, 111 S.Ct. at 326.

Thus, the *Miles* Court expressed a strong deference to Congress and federal maritime legislation stating that:

> We no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits impose by Congress.

*Miles*, 498 U.S. at 27, 111 S.Ct. at 323. This Court finds it significant, however, that the Supreme Court instructs that, "[a]part from the question of statutory pre-emption, the liability schemes incorporated in DOSHA and the Jones Act should not be accorded overwhelming analogical weight in formulating remedies under general maritime law."

*American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 283, 100 S.Ct. 1673, 1678, 64 L.Ed.2d 284 (1980).

■ Similarly, the Sixth Circuit's decision in *Miller, supra*, is inapposite. In *Miller*, the Sixth Circuit articulated a rule regarding the availability of *punitive* damages in actions for the wrongful death of a Jones Act seaman. The court reasoned that the need for uniformity expressed in *Miles* would similarly apply to all other types of damages that a Jones Act seaman was attempting to recover. *Miller*, 989 F.2d at 1456–58. Thus, the court found that a Jones Act seaman could not recover *punitive* damages. *Id.* at 1458–59. Contrary to defendants' assertions, the *Miller* court did not state that longshore and harbor workers bringing suits under 33 U.S.C. § 905(b) against a nonemployer defendant were precluded from recovering loss of consortium damages. The *Miller* court did state that the Longshore and Harbor Workers' Compensation Act,[2] as well as the Jones Act, the Death on the High Seas Act,[3] and the Federal Tort Claims Act,[4] "taken together, indicate that there is a general congressional policy disfavoring awards of *punitive* damages in maritime wrongful death actions." *Id.* at 1457 (emphasis added). The court did not address whether loss of consortium was available under the Longshore and Harbor Act.[5] In fact, despite defendants' representation to the contrary, the *Miller* court did not even discuss whether or not loss of consortium was available under any of the acts cited above.[6]

■ Based on the foregoing discussion, this Court believes that loss of consortium damages remain viable under general maritime law, except as specifically held otherwise by *Miles*. It is undisputed that a seaman does not have a cause of action under the Jones Act against a party that is not the

---

**2.** 33 U.S.C. § 905(b)

**3.** 46 U.S.C. § 761 *et seq.*

**4.** 28 U.S.C. § 2674

**5.** This Court notes that a longshoreman suing a nonemployer vessel owner for negligence can, in fact, recover for loss of consortium under the Longshore and Harbor Workers' Act. *See e.g., Doca v. Marine Mercante Nicaraguense, S.A.,* 634

F.2d 30, 34 & n. 2 (2nd Cir.1980) (citation omitted); *Rebstock v. Sonat Offshore Drilling,* 764 F.Supp. 75, 76 (E.D.La.1991) (citing T. Schoenbaum, *Admiralty and Maritime Law,* section 6–10, at 221).

**6.** What the court said was "... these statutes do not allow recovery for *punitive* damages." *Id.* (Emphasis added).

seaman's employer. *See e.g. Perkins v. Union Barge Line Corp.*, 373 F.2d 714 (6th Cir.1967). In the present case, Congress has not created a statutory remedy for seaman against nonemployers in cases like the one currently before this Court. Accordingly, this Court's ruling that loss of consortium is recoverable would not be anomalous with *Miles*, given that no statute exists to preclude this type of damages.[7]

### CONCLUSION

Defendants in the present case are not Jones Act employers. Accordingly, this Court is not presented with a situation where a Jones Act employer's liability would differ depending on whether plaintiff pursues statutory remedies or pursues relief under general maritime law. Moreover, the parties have not cited to, and nor can this Court locate, an explicit statutory limitation in admiralty that forecloses recovery for loss of society in a general maritime action asserted against a nonemployer defendant. As other courts have recognized, the principles of law discussed above illustrate that "the concern for uniformity that motivated the Supreme Court in *Miles* does not exist in this case." *Sugden v. Puget Sound Tug & Barge Co.*, 796 F.Supp. 455, 457 (W.D.Wash.1992); *Rebstock v. Sonat Offshore Drilling*, 764 F.Supp. 75 (E.D.La.1991). Plaintiff's husband was, in effect, not a Jones Act seaman for purposes of this suit against Total and ASC. *Id.* In short, the principles the Court announced in *Miles* do not control here. *See, e.g., Sugden*, 796 F.Supp. at 457; *Rebstock*, 764 F.Supp. at

75–76.[8] Therefore, for the reasons set forth above,

**IT IS ORDERED** that defendants' motion in limine/partial summary judgment to exclude evidence of loss of consortium and/or loss of companionship and society is **DENIED.**

---

7. In reaching this conclusion, this Court notes that a number of post-*Miles* decisions have considered the application of *Miles* to general maritime injury actions. The courts are split on whether *Miles* precludes recovery for loss of society against nonemployer defendants. *See e.g. Sugden v. Puget Sound Tug & Barge Co.*, 796 F.Supp. 455 (W.D.Wash.1992) (allowing recovery against nonemployer general maritime law defendant); *Rebstock v. Sonat Offshore Drilling*, 764 F.Supp. 75 (E.D.La.1991) (same); *Verdin v. Bo–Truc Rental, Inc.*, 1992 A.M.C. 93, 1991 WL 87930 (E.D.La.1991) (same); *Walker v. Braus*, 1991 WL 197098 (E.D.La.1991) (same). *But see Carnival Cruise Lines v. Red Fox Industries, Inc.*, 813 F.Supp. 1185 (E.D.La.1993) (nonemployer not liable for loss of consortium in a DOSHA action); *Ellender v. John E. Graham & Co.*, 821 F.Supp. 1136 (E.D.La.1992) (no loss of consortium against a nonemployer general maritime

law defendant); *Duplantis v. Texaco, Inc.*, 771 F.Supp. 787 (E.D.La.1991).

8. Employing reasoning similar to that employed by the Supreme Court in *Miles*, the Fifth Circuit found that a Jones Act employer is not liable for the loss of consortium damages to a spouse. *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1433 (5th Cir.), *reh'g denied, en banc*, 860 F.2d 1255 (5th Cir.1988), *cert. denied sub nom.*, 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989). The court also found that "a general maritime law defendant which [sic] is not the injured seaman's employers ... is liable for loss of consortium damages based on its negligence." *Simeon*, 852 F.2d at 1433–34. *See also Tritt v. Atlantic Richfield Co.*, 709 F.Supp. 630, 634 (E.D.Pa.1989).