**In the Matter of the Complaint of the GOOSE CREEK TRAWLERS, INC., for Exoneration from or Limitation of Liability with respect to the F/V Haley Clark.**

No. 4:96–CV–122–H(3).

United States District Court,
E.D. North Carolina,
Eastern Division.

March 14, 1997.

---

**ORDER**

MALCOLM J. HOWARD, District Judge.

This matter is before the court on petitioner's, Goose Creek Trawlers, motion for partial summary judgment and claimant's, William Odell Spain, Administrator of the Estate of Bruce Edward Spain, cross motion for partial summary judgment. Both parties have briefed this issue and the court has given thorough consideration to each party's submissions. This matter is ripe for decision.

*STATEMENT OF THE FACTS*

. During the evening of Nov. 13, 1995, Bruce Spain, a commercial shrimper, took his 29–foot fishing boat, the *F/V Little Fellow*, out to work on the Bay River, which lies just inside the Pamlico Sound. At approximately 2:45 a.m. on Nov. 14, 1995, the *Haley Clark*, a 75–foot fishing vessel owned by Goose Creek Trawlers, collided with the rigging of the *Little Fellow*. Subsequently, the *Little Fellow* sank, and Bruce Spain died. The accident occurred in the navigable waters of the United States but within the territorial waters of North Carolina. "Territorial Waters" are those waters within 3 miles of inland.

On August 22, 1996, Goose Creek Trawlers, ("Petitioner"), instituted this action pursuant to 46 U.S.C. §§ 181–189 and Supplemental Admiralty Rule F, for exoneration of liability in the accident or for imitation of any liability to the extent of the value of the *Haley Clark*, which they contend is $125,000. Petitioner also submitted a surety bond for that amount with this court.

F. Hill Allen, IV, Hunton & Williams, Raleigh, NC, John E. Holloway, Hunton & Williams, Norfolk, VA, for Plaintiff.

Charles K. McCotter, Jr., New Bern, NC, Robert J. McAfee, Michael D. McCulley, Jr., Law Offices of Charles K. McCotter, Jr., New Bern, NC, for Claimants.

On September 25, 1996, Bruce Spain's estate [1], ("Claimant"), answered petitioner's complaint for exoneration and filed a claim against petitioner. Claimant sued for wrongful death under both general maritime law and North Carolina's wrongful death and survival statutes. *See* N.C.G.S. § 28A–18–2.

[1]. The beneficiaries of Spain's estate include his father, William Odell Spain, his mother, Gladys Mayo Spain, and his sister, Donna Spain Walker.

Petitioner moved for partial summary judgment to limit claimant's recovery to pecuniary damages. Claimant contends that Bruce's estate is also entitled to nonpecuniary damages and lost future wages, and as such, moved for partial summary judgment in its favor. In addition, the court conducted an oral hearing on March 5, 1997, regarding the issues herein discussed.

### COURT'S DISCUSSION

Summary judgment is appropriate if the parties' pleadings, depositions, interrogatory answers, admissions and any affidavits show there exist no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint. Fed.R.Civ.P. 56(e); *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553; *see also Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

Both parties agree that the resolution of the issue whether claimant is entitled to recover both pecuniary and nonpecuniary damages will depend on the court's interpretation of a relatively narrow definition. To wit, whether a self-employed commercial fisherman is a "seaman" or "seafarer" as that term is defined, thus limiting his recovery to pecuniary damages under *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

There are our primary theories of recovery for personal injury or death in admiralty cases. The first, the Jones Act, 46 U.S.C.App. § 688 *et seq.,* provides a negligence cause of action and tort damages to a "seaman" injured or killed in the course of their employment, whether on the high seas or in territorial waters. An employer/employee relationship is a necessary antecedent to a Jones Act negligence claim. *Wheatley v. Gladden,* 660 F.2d 1024, 1026 (4th Cir.1981). Since there was no employer/employee relationship between Bruce Spain and petitioner, the statutory remedies provided to a "seaman" are not applicable in this case. However, language used in both the Jones Act and in case law construing the definition of a "seaman" is relevant. Under the Jones Act, damages are limited to pecuniary damages.

The second statutory cause of action in admiralty is the Death on the High Seas Act, ("DOHSA"), 46 U.S.C.App. § 761. DOHSA covers the death of *any* person, seaman or non-seaman, when such death is caused by a "wrongful act, neglect, or default" occurring on the "high seas" (defined as one marine league, or approximately three miles, from shore). Likewise, DOHSA is inapplicable here since the accident occurred within 3 miles of the North Carolina coast. Damages under DOHSA are also limited to pecuniary damages.

The third statutory remedy in admiralty is the Longshore and Harbor Workers' Compensation Act, ("LHWCA"), 33 U.S.C. § 901 *et seq..* LHWCA grants to longshoremen and other maritime workers the right to bring an action under the general maritime law for injuries caused by the negligence of others. This remedy is not available to claimant since Bruce Spain was not a longshoreman.

■ The fourth remedy available for admiralty claims is a nonstatutory remedy originating in common law. The "general maritime law" of recovery covers individuals injured in admiralty cases who may not have the benefit of the above three statutes. The United States Supreme Court has recognized that a remedy exists for wrongful death under general maritime law. *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). It is under this theory that claimant sues in addition to the North Carolina wrongful death and survival statutes because the accident occurred in state territorial water. In certain cases, general maritime law allows recovery for both pecuniary and nonpecuniary damages.

Petitioner asks for summary judgment on the issue of damages recoverable by claimant. Petitioner requests the court hold that claimant may not recover any nonpecuniary damages or lost future earnings of Bruce Spain. The petitioner bases its argument on the United States Supreme Court case of *Miles v. Apex Marine*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

*Miles* was a wrongful death action brought by a Jones Act seaman's mother. The decedent was killed by a fellow crew member while his ship was docked in Vancouver, Washington. Plaintiff sued her son's employer under the Jones Act for unseaworthiness under general maritime law. She sought to recover her nonpecuniary damages for loss of society. The Supreme Court ruled that such damages were not available, reasoning that since nonpecuniary damages were not available under the Jones Act, such damages should not be otherwise available under a general maritime law claim. Justice O'Connor stated that "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." *Id.* at 32–33, 111 S.Ct. at 326.

The Court also outlined a policy goal of uniformity to be applied in determining the extent of recovery for maritime law actions under case law as opposed to statutory maritime actions. The Court determined that the case-law developed maritime actions should be consistent with statutory actions, particularly in regard to recoverable damages. To achieve the desired uniformity, the court concluded that "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Id.* at 33, 111 S.Ct. at 326.

■ Recently, the Court delineated an exception under general maritime law for nonseaman in *Yamaha Motor Corp. v. Calhoun*, —— U.S. ——, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). Based upon this case, claimant asserts it is entitled to recover nonpecuniary damages and lost future earnings under North Carolina wrongful death and survival statutes. The *Yamaha* court held that where the decedent is not "a seaman, longshore worker, or person otherwise engaged in a maritime trade", and is killed in state territorial waters, federal maritime law does not supplant state wrongful death and survival statutes which provide for the recovery of nonpecuniary damages. *Yamaha*, —— U.S. at —— – ——, 116 S.Ct. at 621–622.

In *Yamaha*, twelve-year old Natalie Calhoun was killed off the coast of Puerto Rico when a Yamaha wave rider she was operating struck an anchored vessel. Natalie's parents sued Yamaha under the maritime law wrongful death action enunciated by the Supreme Court in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), as well as state wrongful death statutes. Yamaha motioned for partial summary judgment contending that the *Moragne* wrongful death action provided the exclusive basis for recovery, displacing all remedies afforded by state law.

The United States Supreme Court disagreed with Yamaha. It held that since Congress has not prescribed statutory remedies for the wrongful deaths of *nonseafarers* in territorial waters, the court could step in under general maritime law and allow the child's family to recover both pecuniary and nonpecuniary damages as state law allowed. Thus, because Natalie's accident was in territorial waters, not covered by any federal

statute, state wrongful death statutes were appropriate "gap-fillers."

█ Claimant contends that Bruce Spain is not a "seaman" and therefore, the claimant can recover nonpecuniary damages under the narrow exception in *Yamaha.* Claimant grounds this contention on the fact that since Bruce Spain was a self-employed shrimper, his estate does not qualify to invoke any of the federal statutory mechanisms against petitioner. According to claimant, *Yamaha* allows Bruce Spain, just as it allowed Natalie Calhoun, to recover additional monies since he, like Natalie, is not protected under a comprehensive federal scheme. In effect, *Yamaha* gives claimant an entitlement to supplement his remedies under general maritime law with the North Carolina wrongful death statutes.

Claimant concedes that decedent is a "seaman" in common vernacular, but argues that he is not a seaman under the *Yamaha* definition since he is not covered by any statutory mechanism. Claimant buttresses this argument by citing the court to a footnote contained in *Yamaha.* The Supreme Court phrased the issue before it in *Yamaha* to be whether "the federal maritime claim for wrongful death recognized in *Moragne* suppl[ies] the exclusive remedy in cases involving the deaths of nonseafarers in territorial waters." *Yamaha,* ——— U.S. at ———, 116 S.Ct. at 623. The court defined "nonseafarers" as "persons who are neither seaman covered by the Jones act ... nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act...." *Id.* at n. 2. Since Bruce Spain is not covered by the Jones Act or LHWCA, claimant states that he is a nonseafarer under *Yamaha* and entitled to nonpecuniary damages.

However, this court finds language used by the Supreme Court earlier in the unanimous *Yamaha* opinion to be controlling on this issue. Justice Ginsburg stated

> Traditionally, state remedies have been applied in accident cases of this order—maritime wrongful death cases in which no federal statute specifies the appropriate relief *and* the decedent was not a seaman, longshore worker, *or person otherwise engaged in a maritime trade.* We hold ...

that state remedies remain applicable in such cases and have not been displaced by the federal maritime wrongful death actions recognized in *Moragne v. States Marine Lines, Inc.* (citation omitted).

*Yamaha,* ——— U.S. at ——— ———, 116 S. Ct at 621–622 (emphasis added). Both parties agree that Bruce Spain was a commercial fisherman. By the very nature of his livelihood, Mr. Spain was a "person otherwise engaged in a maritime trade." Thus, although Bruce Spain is not covered by a comprehensive federal scheme, the plain defining language in *Yamaha* prevents claimant from benefitting under the narrow exception for nonseafarers.

As a result, the court concludes that this case is governed by *Miles v. Apex* and thus, claimant is prevented from recovering nonpecuniary damages or damages for lost future wages. By so holding, the court complies with the "constitutionally based principle that federal admiralty law should be 'a system of law coextensive with, and operating uniformly in, the whole country.'" *Miles,* 498 U.S. at 27, 111 S.Ct. at 322–23 (citations omitted).

Claimant also argues that several courts which have read *Miles* "narrowly" contain the better approach of permitting recovery of nonpecuniary damages against *non-employer* defendants under general maritime law. In effect, claimant contends that if the Jones Act provisions do not apply to Bruce Spain, then the constrictions of the *Miles* decision do not apply either. Claimant cites the court to two cases adopting this narrow reading of *Miles.*

In *In re Petition of Cleveland Tankers, Inc.,* 843 F.Supp. 1157 (E.D.Mich.1994), family members of a deceased Jones Act seaman sued a non–employer for nonpecuniary damages in a wrongful death action. The district court ruled in favor of the family members to find that Miles did not control. The court stated that since "Congress has not created a statutory remedy for seaman against non–employers in cases like the one currently before [the] Court ... [the] Court's ruling that loss of consortium is recoverable would not be anomalous with *Miles,* given that no statute exists to preclude this type of dam-

ages." *Id.* at 1160. The court did recognize a split among the courts regarding this very issue.

The next case cited by claimant is *Sugden v. Puget Sound Tug & Barge Co.*, 796 F.Supp. 455 (W.D.Wash.1992). *Sugden* also allowed the plaintiff to recover nonpecuniary damages from a non–employer. The *Sugden* court held that decedent was not a Jones Act seaman for purposes of the suit against the non-employer since the non-employer's duty of care to decedent was less than a Jones Act employer's duty to its employees.

The court finds these cases to espouse a minority view and that the reasoning contained in the cases is inconsistent with the uniformity principle in admiralty law. Further, the *Sugden* decision, though not explicitly overruled, is certainly in question following a recent Ninth Circuit decision. The Ninth Circuit has recognized that nothing in the Supreme Court's reasoning in *Miles* suggests that the case turned upon the identity of the defendant. *Davis v. Bender Shipbuilding and Repair Co.*, 27 F.3d 426, 430 (9th Cir.1994). *See also Trident Marine, Inc. v. M/V Atticos*, 876 F.Supp. 832, 837 (E.D.La.1994); *Carnival Cruise Lines v. Red Fox Industries, Inc.* 813 F.Supp. 1185 (E.D.La.1993); *Ellender v. John E. Graham & Co.*, 821 F.Supp. 1136 (E.D.La.1992); *Trahan v. Texaco, Inc.*, 625 So.2d 295 (La.Ct. App.1993). Based on the above cited authority, the court declines to limit Miles as narrowly as claimant urges.

### CONCLUSION

The court finds that the claimant has failed to show that there is a genuine issue of material fact in this matter. In light of claimant's failure to present any probative evidence, petitioner is entitled to partial summary judgment as a matter of law on claimant's claim for nonpecuniary damages and loss of future wages. Accordingly, for the aforementioned reasons, petitioner's motion for partial summary judgment is GRANTED and claimant's motion for partial summary judgment is DENIED.