Robert J. REBSTOCK, Sr., et al.

v.

SONAT OFFSHORE DRILLING, et al.

Civ. A. No. 90-3902.

United States District Court,
E.D. Louisiana.

April 25, 1991.

Robert A. McMahon, Jr., Bernard, Cassisa Law Firm, Metairie, La., for plaintiff Robert J. Rebstock, Sr.

Patricia A. Krebs and Richard J. Guidry, Nesser, King & LeBlanc, New Orleans, La., for defendant Sonat Offshore Drilling, Inc. and defendant Amoco Production Co.

## MEMORANDUM OPINION

MENTZ, District Judge.

Before the court is a motion filed by the defendants Sonat Offshore Drilling (Sonat) and Amoco Production Company (Amoco) to dismiss the claims of the plaintiff Louvinia Rebstock for loss of consortium, service, and society. After reviewing the motion, memoranda of counsel, the record, and the law, the court denies the motion.

Following the Supreme Court decision in *Miles v. Apex*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), courts in this district have held that the spouse of a Jones Act seaman is not entitled to damages for loss of consortium under the general maritime law of unseaworthiness. *See Breland v. Western Oceanic, Inc.*, 755 F.Supp. 718 (W.D.1991); *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La.1990); *Turley v. Co-Mar Offshore Marine Corp.*, No. 90-2497, 1991 WL 42564 (E.D.La. March 21, 1991); *McGee v. Bean Dredging Corp.*, No. 90-0394 (E.D.La. March 8, 1991); *Lacroix v. Exploration Employment Service, Inc.*, No. 90-0985 (E.D.La. February 6, 1991).[1]

██ A Jones Act seaman's recovery for negligence against his employer is limited to a recovery under the Jones Act; the seaman cannot assert a general maritime law negligence claim against his employer. However, the seaman may assert a general maritime law unseaworthiness claim against his employer. Under the Jones Act, the seaman may recover only for pecuniary losses; loss of consortium is not provided for. The Court's holding was intended to insure that a Jones Act seaman asserting a claim under the Jones Act and the doctrine of unseaworthiness against his employer did not recover more than Congress intended when it established the Jones Act. The Supreme Court stated in *Miles v. Apex* that it would not sanction more expansive remedies in a judicially created remedy than Congress provided for in the Jones Act. *Miles*, 111 S.Ct. at 325.

██ In the present case, the plaintiffs have not asserted a Jones Act claim. The

---

1. All of the above cases involved a Jones Act claim by the injured seaman against the seaman's employer combined with claims for unseaworthiness under the general maritime law.

plaintiffs have asserted a general maritime law negligence action against third parties. Mr. Rebstock's status as a Jones Act seaman has no relevence in connection with this suit. Recovery under the general maritime law of negligence is essentially the same as under the common law and loss of consortium damages are recoverable. The facts of the present case are similar to a Fifth Circuit case in which the spouse of a seaman who asserted a general maritime law negligence claim against a third party was allowed to recover damages for loss of consortium. *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 386 (5th Cir.1985). Because *Miles v. Apex* and its progeny do not affect *Tullos*'s holding on this issue, the court finds that Mrs. Rebstock should be allowed to pursue her claims against the defendants.

The uniformity sought by the *Miles v. Apex* Court is not affected by this court's ruling. *Miles v. Apex* sought to establish a uniform rule for seaman suing their employers. Seaman suing third parties were not considered by the Supreme Court. Indeed, to rule that the spouse of an injured seaman is not entitled to loss of consortium damages under the general maritime law of negligence would create an inconsistency between seamen and longshoremen. Under section 5(b) of the Longshore and Harbor Workers' Act, 33 U.S.C. sections 901–950, which permits a longshoreman to sue a nonemployer vessel owner for negligence, the spouse of the longshoreman is permitted to recover loss of consortium damages. *See* T. Schoenbaum, *Admiralty and Maritime Law*, section 6–10, at 221. Uniformity is best promoted by allowing a seaman to recover the same damages for negligence that a longshoreman may recover.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss the claims of Mrs. Rebstock be DENIED and the motion scheduled for APRIL 24, 1991 be CANCELED.