**CARNIVAL CRUISE LINES**

v.

**RED FOX INDUSTRIES, INC.**

**Civ. A. Nos. 90–1720, 91–454.**

United States District Court,
E.D. Louisiana.

Feb. 10, 1993.

Daniel Edward Knowles, III, William Daniel Wellons, Burke & Mayer, New Orleans, LA, for Carnival Cruise Lines, Inc.

James Clayton Davie, Jr., McAlpine, Peuler, Cozad & Davie, Ronald Adams Johnson, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for defendants.

## ORDER AND REASONS

CLEMENT, District Judge.

### I. Introduction.

On March 5, 1988, during a voyage of the TSS FESTIVALE from Martinique to San Juan, crew members Adalberto Sanchez–Flores and Rolando Bonilla died while cleaning and maintaining a marine-sanitation device manufactured by Red Fox Industries, Inc. ("Red Fox"). Simans Sanchez–Flores, brother of the deceased, sustained personal injuries when he attempted to rescue the crew members. Carnival Cruise Lines, Inc. ("Carnival"), owner of the TSS FESTIVALE, settled with the heirs of Rolando Bonilla and subsequently instituted the instant action against Red Fox seeking indemnity or contribution or both for the amount paid in settlement. The surviving seaman, Simans Sanchez–Flores, his wife, and four minor children, as well as the heirs of Adalberto Sanchez–Flores, also settled with Carnival, but separately filed suit against Red Fox seeking damages for loss of society. These various claims have been consolidated. Defendant Red Fox now moves for Summary Judgment on all of the loss of society claims

asserted in this action, contending that loss of society damages are unavailable as a matter of law as against a third party manufacturer pursuant to both general maritime law and the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. §§ 761–767 (1988).

### II. Analysis.

#### A. Loss of Society Under the General Maritime Law.

 Respondents Sanchez–Flores and Carnival contend that loss of society is recoverable against a third party defendant under general maritime law. They argue that because this claim is not against the employer, and thus does not implicate the Jones Act, none of the Jones Act or *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), limitations on nonpecuniary damages apply. Respondents further contend that loss of society is recoverable against a third party defendant for wrongful death under the DOHSA. Respondent–Sanchez–Flores argues that the Supreme Court's holding in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), which established that the DOHSA limits the recovery of survivors to their pecuniary losses, limits wrongful death remedies only when there are no alternate theories of liability. He points out that the *Higginbotham* rule would "lead to absurd and unjust results" if strictly applied in this case. Respondent Carnival argues that the DOHSA is inapplicable because Carnival does not qualify as a person or entity, and therefore is not entitled to maintain a right of action under that statute. Carnival notes that this is an action for contribution and/or indemnity and not wrongful death, since the heirs of the deceased have already been compensated.

Respondents correctly cite authority that supports the contention that loss of society is recoverable against a third party defendant under general maritime law. *E.g.*, *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 386 (5th Cir.1985) (spouse of Jones Act seaman injured on board an oil-drilling vessel entitled to loss of consortium damages

against vessel owner since loss of consortium claim was not asserted as part of Jones Act claim against employer); *Rebstock v. Sonat Offshore Drilling*, 764 F.Supp. 75, 76 (E.D.La.1991) (spouse of Jones Act seaman can recover loss of consortium damages in a general maritime law negligence action against a third party). They argue that *Rebstock* supports the proposition that *Miles*, 498 U.S. 19, 111 S.Ct. 317, and its progeny do not affect recovery for loss of society in an action under general maritime law against a third party manufacturer. *Accord Verdin v. Bo–Truck Rental, Inc.*, 1992 A.M.C. 93 (E.D.La.1991); *Walker v. Braus*, 1991 WL 197098 (E.D.La.1991). Respondents point out that *"Miles v. Apex* sought to establish a uniform rule for seaman suing their employers" and did not affect similar suits against third parties. *Rebstock*, 764 F.Supp. at 76.

While acknowledging the authority that has been cited by the Respondents, this Court believes that the distinction between suits against a seaman's employer under the general maritime law and suits against a third party under the general maritime law is insignificant for purposes of *Miles* limitations on nonpecuniary damages. Both *Rebstock* and *Verdin* rely primarily on the Fifth Circuit's pre-*Miles* holding in *Tullos*, and fail to explain why *Miles* limitations should not apply to a suit against a third party. Although *Rebstock* is intended to promote uniformity among seamen and longshoremen, *Miles* sought to establish a policy of uniformity of damages among the Jones Act, the DOHSA, and the general maritime law, and says nothing about uniformity between the Jones Act and the Longshore and Harbor Workers' Compensation Act. 498 U.S. at 32–34, 111 S.Ct. at 326. Recognizing that the DOHSA explicitly limits damages for wrongful death to those arising from pecuniary loss and that the Jones Act incorporates an identical limitation similarly set out in the Federal Employers' Liability Act ("FELA"), the *Miles* Court explicitly held that, in the interest of uniformity, nonpecuniary damages are unavailable to relatives of a Jones Act seaman for wrongful death. *Id.*

The uniformity sought by the Court in *Miles* is best served by a rule that denies loss of society damages as against a third party manufacturer when they would be similarly denied against an employer. Indeed, the basic premise of *Miles* is that courts should not "sanction more expansive remedies in a judicially-created cause of action ... than Congress has allowed." *Id.* Allowing plaintiffs to recover loss of society damages against Red Fox when they would not otherwise be recoverable against Carnival would strike a blow to the policy *Miles* sought to establish. Allowing relatives of injured seamen to circumvent the clear mandate of the Supreme Court merely because of the fortuitous presence of a third party manufacturer would provide a recovery which Congress has not allowed.

Similarly, respondents overlook the significance of several recent extensions of *Miles* in the Fifth Circuit. In *Michel v. Total Transp., Inc.*, 957 F.2d 186 (5th Cir. 1992), and *Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127 (5th Cir. 1992), for example, the Fifth Circuit held that loss of society damages were unavailable to relatives of a Jones Act seaman for personal injuries (as opposed to merely wrongful death) under the general maritime law. *Murray* explained that the prior decisions supporting the plaintiffs' claim for loss of society—*American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) and *Cruz v. Hendy Int'l Co.*, 638 F.2d 719 (5th Cir. 1981)—were altered by *Miles*. *Murray*, 958 F.2d at 130–31.

The Court therefore finds, consistent with the Supreme Court's approach in *Miles* and the Fifth Circuit's recent interpretations of *Miles* in *Michel*, 957 F.2d 186, and *Murray*, 958 F.2d 127, that loss of society damages are unavailable to Respondents in their suit against Red Fox under the general maritime law.

B. Loss of Society Under the General Maritime Law in an Action for Wrongful Death Under the DOHSA.

■ Respondent's next contention is that loss of society damages are recoverable by

survivors under the general maritime law against a third party defendant in an action for wrongful death under the DOHSA. In support of this contention, Respondent Sanchez–Flores argues that the Supreme Court's holding in *Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, which clearly established that the DOHSA limits the recovery of survivors to their pecuniary losses, limits wrongful death remedies only when there are no alternate theories of liability. Accordingly, respondent points out that this wrongful death action includes additional causes of action such as a products liability claim against a third party manufacturer. In fact, the *Higginbotham* Court intended no such limitation. *Higginbotham* unconditionally held that survivors in this context may not recover loss of society damages regardless of whether the cause of action is asserted against an employer or anyone else. 436 U.S. at 625–26, 98 S.Ct. at 2015. The Court's reasoning, moreover, had nothing to do with whether alternate theories of liability existed. *See id.* The *Higginbotham* Court reasoned that "Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements." *Id.* at 625, 98 S.Ct. at 2015. Consistent with the Court's approach in *Miles*, *Higginbotham* also stressed that "courts are not free to 'supplement' Congress' answer so thoroughly that the Act becomes meaningless." *Id. See also Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (reaffirming that DOHSA does not permit compensation for nonpecuniary losses and is the exclusive remedy, not supplementable by a state's wrongful death statute). There is no merit to the argument, and respondent cites no cases that hold, that this unambiguous rule of law does not apply in wrongful death cases for loss of society involving a third party manufacturer.

Respondent Sanchez–Flores also argues that it would be adverse to "ordinary notions of justice" to preclude the heirs of Adalberto Sanchez–Flores, who is deceased, from asserting loss of society claims while allowing the dependents of Simans Sanchez–Flores, who is not deceased, to assert similar loss of society claims. Of course, this argument wrongly assumes that this Court will allow loss of society damages as against a third party under the general maritime law. Even if that were the case, however, it does not necessarily follow that the plaintiff should be able to assert claims on behalf of Adalberto Sanchez–Flores for loss of society against the plain meaning of the statute merely because he died. Congress may have had many reasons for denying the heirs of seamen nonpecuniary damages under the DOHSA; to reiterate the policy that both *Higginbotham* and *Miles* sought to establish, courts should not "sanction more expansive remedies in a judicially-created cause of action." *Miles*, 498 U.S. at 32, 111 S.Ct. at 326. If we allow the respondent's claim for loss of society, we would do just that.

C. Carnival's Claims for Loss of Society in its Action for Indemnity and Contribution.

Respondent Carnival argues in its memorandum that the DOHSA is inapplicable to its claims for indemnity and contribution against Red Fox because Carnival is not a "personal representative of the decedent" who brings suit for "the exclusive benefit of the decedent's wife, husband, parents, child, or dependent relatives." 46 U.S.C.App. § 761. Carnival contends, furthermore, that the *Higginbotham* limitations on nonpecuniary damages do not apply to its claims against Red Fox. Both the statute and the caselaw reveal that Carnival in fact does not have standing under the DOHSA.

 Although judicial limitations on damages recoverable under the DOHSA cannot apply to a suit which seeks no relief under the DOHSA and to a plaintiff who has no standing under the DOHSA, the analysis does not end there. It is well settled under principles of tort indemnity that indemnity shifts responsibility from the shoulders of the indemnitee to the indemnitor. *Cities Serv. Co. v. Lee–Vac, Ltd.*, 761 F.2d 238, 240 (5th Cir.1985). It is also well settled that tort indemnity is im-

permissible for damages which the party seeking indemnity has not been held liable. *Id.* at 241. In effect, Carnival is seeking indemnity from Red Fox for damages which Carnival would not have been held liable and which, most likely, did not have any significant bearing on the settlement discussions. Thus, although *Higginbotham* does not directly foreclose loss of society relief because Carnival does not bring suit under the DOHSA, principles of tort indemnity preclude Carnival from such relief because the heirs of Adalberto Sanchez—Flores were similarly precluded from recovering loss of society damages against Carnival.

Carnival, in closing, argues that it should not be limited by the damages available to the plaintiff because its liability could be premised on the law of several nations. Although this Court has not determined whether the laws of Panama or Costa Rica permit loss of society damages in this context, the DOHSA expressly preserves any remedies available under foreign law. Thus, a potential cause of action for loss of society in a foreign forum under foreign law may still be brought. 46 U.S.C.App. § 764. Presumably, if plaintiff were to assert such an action and establish liability, Carnival could then assert an action for indemnity against Red Fox on that basis. Carnival should not, however, be able to assert an action for indemnity against Red Fox for loss of society damages at this time merely because of the speculative possibility that a foreign forum might allow such damages.

In light of the foregoing reasons, Summary Judgment should be granted to dismiss the loss of society claims brought against Red Fox as a result of the death of Adalberto Sanchez–Flores and Rolando Bonilla and the injuries of Simans Sanchez–Flores and,

IT IS ORDERED that the defendant's Motion for Summary Judgment to Dismiss Loss of Society Claims is hereby GRANTED.