Misty **GERDES, Individually and as Personal Representative of the Estate of Guyle Gregory Gerdes, deceased and as next friend of Payton Gerdes, a minor,**

v.

**G & H TOWING COMPANY.**

**Civil Action No. G–96–415.**

United States District Court, S.D. Texas, Galveston Division.

June 27, 1997.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Misty Gerdes, Guyle Gregory Gerdes.

David P. Walker, Galveston, TX, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Payton Gerdes.

Harville E. Weller, Jr., Krist Weller Neumann, Houston, TX, for Robin Rose Baldwin, Michael L. Baldwin, Gail Miholland, Jo Ann Baldwin.

James Richard Watkins, Royston, Rayzor, Vickery & Williams, Galveston, TX, for G & H Towing Co.

Larry W. Thorpe, Reaud, Morgan & Quinn, Beaumont, TX, Harville E. Weller, Jr., Krist Weller Neumann, Houston, TX, for Andrew Liska.

Harold Joseph Eisenman, Houston, TX, for Patrick O'Neal.

John Stuart Lilly, Robert L. Klawetter, Eastham, Watson, Dale & Forney, Houston, TX, for S.P. Hawk, Stolt Parcel Tankers, Inc.

Russell G. Burwell, Burwell, Enos & Baron, Texas City, TX, for Pamela Jo Gerdes.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, A. Craig Eiland, Galveston, TX, for Misty Gerdes.

Larry W. Thorpe, Reaud, Morgan & Quinn, Beaumont, TX, for Judi Cire.

John Wesley Bridger, Michael Thomas Bridwell, Strong, Pipkin, Nelson & Bissell, Beaumont, TX, for Hough Marine & Machine, Inc.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

This case arises out of a collision between a tugboat and a tanker in the Houston Ship Channel, which killed several crewmembers of the tugboat, injured others, and damaged the tugboat and the tanker. Now before the Court is Defendant Hough Marine and Machine, Inc.'s Amended Motion for Partial Summary Judgment as to Claims for Nonpecuniary Damages of May 30, 1997. For the reasons set forth below, the Motion is **DENIED.**

On July 22, 1996, the tanker M/T STOLT HAWK collided with the tugboat LAURA HADEN in Galveston Bay in the Houston Ship Channel. As a result of this collision, several tugboat crewmembers were killed, others were injured, and the tug and the tanker were damaged. The plaintiffs in this case are family members of the decedents and an apparent survivor of the collision. Defendant Hough Marine and Machine, Inc. provided the steering components for the LAURA HADEN. Plaintiffs filed suit against Defendant Hough Marine on a products liability theory. Through its Motion for Partial Summary Judgment, Defendant

Hough Marine seeks to dismiss Plaintiffs' claims for nonpecuniary damages on the grounds that Jones Act claimants cannot recover nonpecuniary damages from a nonemployer third-party defendant.

Defendant argues that *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and its progeny prohibit Plaintiffs from recovering nonpecuniary damages. *Miles* held that the estate and family members of a Jones Act seaman could not recover nonpecuniary damages from his employer under a general maritime wrongful death action based on unseaworthiness. *Id.* at 32–33, 111 S.Ct. at 325–26. The Fifth Circuit expanded the holding of Miles and held that a spouse of a Jones Act seaman may not recover damages from an employer for loss of consortium in a general maritime *personal injury* cause of action. *Michel v. Total Transp., Inc.,* 957 F.2d 186, 191 (5th Cir.1992). The Fifth Circuit has not, however, expressly ruled on whether family members of a Jones Act seaman may recover nonpecuniary damages against a nonemployer third-party defendant. District Courts in the Fifth Circuit have split over the issue. *Compare Trident Marine, Inc. v. M/V Atticos,* 876 F.Supp. 832 (E.D.La.1994) (holding that a Jones Act plaintiff may not recover nonpecuniary damages from nonemployer third-party tortfeasor for negligence under the general maritime law), *and Carnival Cruise Lines v. Red Fox Indus., Inc.,* 813 F.Supp. 1185 (E.D.La.) (holding that loss of society damages were not recoverable by survivors under general maritime law against third-party defendant in a wrongful death action under Death on the High Seas Act), *aff'd,* 30 F.3d 1493 (5th Cir.1994) (mem.), *with Rebstock v. Sonat Offshore Drilling,* 764 F.Supp. 75 (E.D.La.1991) (holding that the spouse of a Jones Act seaman could recover nonpecuniary damages in a negligence action against a nonemployer third-party defendant).

This Court is inclined to interpret Miles narrowly and follow the court's reasoning in *Rebstock v. Sonar Offshore Drilling.* In *Rebstock,* the spouse of a seaman asserted claims for loss of consortium, service, and society in a general maritime law negligence

action against nonemployer third parties. *Rebstock,* 764 F.Supp. at 75–76. The third-party defendants sought to dismiss these claims for nonpecuniary damages. The court found that Plaintiff's husband's status as a Jones Act seaman was not relevant in connection with Plaintiff's suit against these nonemployer defendants and held that Plaintiff should be allowed to pursue her claims for nonpecuniary damages against these defendants. *Id.* at 76. The court further stated that the uniformity sought by *Miles* was not affected by the court's decision because "*Miles v. Apex* sought to establish a uniform rule for seaman suing their employers" and "[s]eaman suing third parties were not considered by the Supreme Court." *Id.*

The Court finds the reasoning in *Rebstock* applicable in this case. Defendant Hough Marine was not the employer of the deceased and injured seamen; rather it was the supplier of the component parts for the steering mechanism on the tugboat. As such, Plaintiffs' claims against it are not, and could not be, Jones Act claims. Therefore, Plaintiffs' remedies should not be limited to those available under the Jones Act and caselaw interpreting it. Plaintiffs' suit against Defendant Hough is a products liability action, and nonpecuniary damages are available in such actions. Therefore, the Court finds that Plaintiffs should be allowed to pursue their claims for nonpecuniary damages against Defendant Hough Marine.

The Court notes that a number of District Courts have ruled differently than the Court today rules, many so ruling for the sake of uniformity. The Court respectfully disagrees with the courts holding that nonpecuniary damages are not recoverable against a nonemployer third party and finds their rush to uniformity unsettling. In matters of justice and fairness, uniformity cannot always be the ultimate goal. As this Court previously stated, "[a]ny benefit that may result from achieving uniformity among laws designed to address completely different problems or benefit completely different classes of persons may well be outweighed by the damage caused by the loss of rights or remedies sacrificed at the altar of uniformity." *Blome v. Aerospatiale Helicopter Corp.,* 924 F.Supp.

805, 814–15 (S.D.Tex.1996), *aff'd,* 114 F.3d 1184 (5th Cir.1997). In this Court's opinion, rights and remedies are being sacrificed by courts who extend *Miles* beyond its holding for the sake of that ephemeral goal, uniformity in maritime law. This Court declines to join the sacrifice and holds that a family member of a Jones Act seaman may recover nonpecuniary damages against a nonemployer third-party defendant on a products liability theory.

For the reasons set forth above, Defendant Hough Marine and Machine, Inc.'s Motion for Partial Summary Judgment as to Claims for Nonpecuniary Damages is **DENIED**. Plaintiffs may pursue these claims at the impending trial of this case. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**