Shawn **SCHWARTZ**, Plaintiff,

v.

**NECHES–GULF MARINE, INC.** Defendant.

No. CIV. A. G–99–290.

United States District Court, S.D. Texas, Galveston Division.

Oct. 27, 1999.

Ted C. Litton, Royston, Rayzor, Vickery and Williams, Houston, TX, for Ted Litton, mediators.

Edgar F. Barnett, Attorney at Law, Houston, TX, for Shawn Schwartz, plaintiff.

Hubert Oxford, III, Benckenstein & Oxford, Beaumont, TX, for Neches–Gulf Marine, Inc., defendant.

## *ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

KENT, District Judge.

Plaintiff Schwartz brings this action against Defendant Neches–Gulf Marine, Inc. ("Neches–Gulf") for personal injuries arising under the Jones Act, 46 U.S.C. § 688 (1994), and general maritime law. The injuries allegedly occurred on February 15, 1999, while Plaintiff worked for Defendant as a seaman aboard Defendant's vessel, the M/V SAN FELIPE. Defendant acknowledges that Plaintiff qualifies as a Jones Act seaman; as such Plaintiff asserts negligence claims under the Jones Act and unseaworthiness claims under general maritime law. Plaintiff also seeks punitive damages for failure to pay maintenance and cure, as well as recovery for pain and suffering, mental anguish, and loss of enjoyment of life. Now before the Court is Defendant's Motion for Partial Summary Judgment filed August 20, 1999. For the reasons stated below, the Motion for · Partial Summary Judgment is **GRANTED** in part and **DENIED** in part.

## I. ANALYSIS

### A. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.*, 799 F.Supp. 691, 693 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to

different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553; *see also* FED. R. CIV. P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586–87, 106 S.Ct. at 1355–56 (quoting FED. R. CIV. P. 56(e)).

B. *Plaintiff's Motion for Partial Summary Judgment*

1. *Punitive Damages*

▇ Through its Motion for Partial Summary Judgment, Defendant seeks to dismiss Plaintiff's claims for nonpecuniary damages on the grounds that Jones Act claimants cannot recover nonpecuniary damages from employers as a matter of law. Defendant argues that *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and its progeny prohibit Plaintiff from recovering nonpecuniary damages. *Miles* held that the estate and family members of a Jones Act seaman could not recover nonpecuniary damages from the seaman's employer under a wrongful death action based on unseawor-

thiness. *Id.* at 32–33, 111 S.Ct. at 325–26. More recently, the Fifth Circuit expanded the ruling of *Miles* and held that a Jones Act seaman pursuing personal injury claims may not recover punitive damages for a maritime employer's wilful refusal to pay maintenance and cure benefits. *See Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1513 (5th Cir.1995) (en banc); *see also Bayes v. OPI Int'l, Inc.,* No. CIV–A–G–92–52, 1992 WL 674748, at *1 (S.D.Tex. May 14, 1992) (dismissing a claim for punitive damages in a personal injury case involving a Jones Act seaman); *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 297 (Tex.1993) (holding that punitive damages are not available in an unseaworthiness action for nonfatal injuries brought by a Jones Act seaman under general maritime law). Because the Fifth Circuit has expressly ruled on whether a Jones Act seaman may recover punitive damages, even Plaintiff acknowledges that its punitive damages claim should be dismissed. *See P.'s Resp. to Def.'s Mot. for Partial Summ. J. at 1–2* ("[Plaintiff] must concede that the present law under *Guevara* proscribes a recovery for punitive damages for failure to pay maintenance and cure." (citation omitted)). Consequently, Defendant's Motion for Partial Summary Judgment as to the recovery of punitive damages is **GRANTED.**

2. *Damages Related to Pain and Suffering, Mental Anguish, and Loss of Enjoyment of Life*

Determining the viability of Plaintiff's damages claims for pain and suffering, mental anguish, and loss of enjoyment presents a more cumbersome challenge. While the Fifth Circuit has not expressly ruled on whether a Jones Act seaman may seek these damages against an employer defendant, this Court is inclined to interpret *Miles* and *Guevara* narrowly so as not to cover a Jones Act seaman's claims for pain and suffering, mental anguish, and loss of enjoyment of life.

■ *Guevara* offers the proper standard for evaluating damages issues in general maritime cases:

In order to decide whether (and how) *Miles* applies to a case, a court must first evaluate the factual setting of the case and determine what statutory remedial measures, if any, apply in that context. If the situation is covered by a statute like the Jones Act or DOHSA, and the statute informs and limits the available damages, the statute directs and delimits the recovery available under the general maritime law as well. The general maritime law will not expand the available damages when Congress has spoken to the relief it deems appropriate or inappropriate.

*Guevara*, 59 F.3d at 1506 (en banc) (emphasis omitted) (citations omitted). Thus, recovery under general maritime law must comport with the type of recovery permitted under the Jones Act. *See Penrod Drilling Corp.*, 868 S.W.2d at 297 ("If Congress has precluded recovery for 'nonpecuniary' damages under the Jones Act, we should be no less hesitant to circumvent that intent by authorizing such recovery through unseaworthiness claims in non-death cases than the Supreme Court was in *Miles*."). As this Court has noted previously, " '*Miles v. Apex* sought to establish a uniform rule for seaman suing their employers.' " *Gerdes v. G & H Towing Co.*, 967 F.Supp. 943, 945 (S.D.Tex.1997) (quoting *Rebstock v. Sonat Offshore Drilling*, 764 F.Supp. 75, 75–76 (E.D.La.1991)), and *Guevara* specifically states "that actions under the general maritime law for personal injury are also subject to the *Miles* uniformity principle, as non-fatal actions

for personal injury to a seaman are covered by statute—i.e., the Jones Act." *Guevara*, 59 F.3d at 1506 (en banc) (footnote omitted); *see Murray v. Anthony J. Bertucci Constr. Co.*, 958 F.2d 127, 132 (5th Cir.1992) ("The Supreme Court's emphasis in *Miles* on the importance of uniformity in remedies in maritime death cases must apply equally to injury actions.").

■ Here Defendant served as Plaintiff's employer at the time of the injuries; therefore Plaintiff's negligence claims clearly fall within the Jones Act. However, for nonfatal personal injury cases brought under the Jones Act, the Fifth Circuit has disallowed only a limited number of damages claims. *See Guevara*, 59 F.3d at 1506 (en banc) (punitive damages by an injured seaman); *Murray*, 958 F.2d at 131–32 (loss of society by an injured seaman's spouse); *Michel v. Total Transp., Inc.*, 957 F.2d 186, 191 (5th Cir.1992) (loss of consortium by an injured seaman). Because the Jones Act prevents recovery for these specific types of nonpecuniary damages, the application of the *Miles* uniformity principle prevents plaintiffs from pursuing the same damages claims under general maritime law based on a failure to pay maintenance and cure. *See Kelly v. Panama Canal Comm'n*, 26 F.3d 597, 601 (5th Cir.1994) ("Under the general maritime law, non-pecuniary damages are not available to seamen.").

Given this framework, the Court is nevertheless aware of no controlling case proscribing damages claims based on pain and suffering, mental anguish, or loss of enjoyment of life in nonfatal maritime personal injury cases.[1] Instead, the Court follows

---

1. The Court acknowledges that these damages would be precluded if this case implicated the Death on the High Seas Act, which, as *Miles* stated "limits recoverable damages in wrongful death suits to 'pecuniary loss sustained by the persons for whose benefit the suit is brought.' " *Miles*, 498 U.S. at 31, 111 S.Ct. at 325 (quoting Death on the High Seas Act, 46 U.S.C.App. § 762 (1994) (emphasis omitted)). However, as the *Guevara* court noted, "the Jones Act pecuniary limitation discussed

in *Miles*—a limitation stemming from FELA limitations on wrongful death claims—is arguably not applicable to non-fatal personal injury claims under the Jones Act." *Guevara*, 59 F.3d at 1506 n. 9 (en banc) (emphases omitted) (citing *Horsley*, 15 F.3d at 202 & n. 2 ("[A]s concerns the Jones Act, *Vreeland* is inopposite to the availability of damages to nonpecuniary loss in cases involving nonfatal injuries .... [T]he evidence directly adduced by the *Miles* Court is not directly probative

the parade of Fifth Circuit opinions that properly classifies these damages claims as recoverable, *Miles* notwithstanding. *See, e.g., Gautreaux v. Scurlock Marine, Inc.* 107 F.3d 331, 333 n. 2, 339 (5th Cir.1997) (affirming in a Jones Act nonfatal personal injury case the district court's determination of the amount of damages, which included recovery for pain and suffering); *Davis v. Odeco, Inc.,* 18 F.3d 1237, 1240, 1248 (5th Cir.1994) (upholding a jury verdict that awarded an injured Jones Act seaman damages for pain and suffering); *Gough v. Natural Gas Pipeline Co.,* 996 F.2d 763, 766 (5th Cir.1993) (permitting a Jones Act seaman to recover for emotional distress because he suffered a requisite amount of physical injury); *Myers v. Griffin–Alexander Drilling Co.,* 910 F.2d 1252, 1255 (5th Cir.1990) (allowing a jury's award for pain and suffering in a Jones Act nonfatal personal injury trial); *Boyle v. Pool Offshore Co.,* 893 F.2d 713, 718–19 (5th Cir.1990) (upholding a jury award in a Jones Act personal injury case for "pain and suffering, mental anguish, and loss of life's pleasures").[2] However, perhaps the best evidence supporting Plaintiff's right to proceed on these particular damages claims can be found by turning to the Fifth Circuit's Pattern Jury Instructions, which state that in evaluating damages in admiralty cases, juries

> "should consider the following elements of damages, to the extent [they] find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on

the normal pursuits of life; mental anguish and feelings of economic insecurity caused by disability . . . ."

District Judge's Association, Fifth Circuit Pattern Jury Instructions (Civil) § 4.8, at 44 (1999). In light of the mountain of authority supporting recovery for pain and suffering, mental anguish, and loss of enjoyment of life in a nonfatal Jones Act personal injury case, the Court finds that pursuant to the uniformity principle enunciated in *Miles,* a plaintiff may also allege these same damages claims based on unseaworthiness under general maritime law. In this case, Plaintiff alleges physical injuries suffered while working for Defendant aboard the M/V SAN FELIPE and therefore may properly pursue damages claims for pain and suffering, mental anguish, and loss of enjoyment of life. Consequently, Defendant's Motion for Partial Summary Judgment as to these three damages claims is emphatically **DENIED.**

## II. CONCLUSION

*Guevara* clearly hold that a Jones Act seaman cannot recover punitive damages for his personal injuries, but neither *Miles* nor *Guevara* found that damages recoverable in either a general maritime or a Jones Act cause of action for personal injuries suffered by a Jones Act seaman preclude recovery for pain and suffering, mental anguish, and loss of enjoyment of life. Accordingly, Defendant's Motion for Partial Summary Judgment as to punitive damages is **GRANTED,** but as to damages for pain and suffering, mental anguish, and loss of enjoyment of life, Defendant's Mo-

---

beyond the discrete confines of wrongful death actions.")). This distinction between wrongful death and nonfatal maritime injuries becomes especially important in this case because unlike punitive damages claims, recovery for pain and suffering, mental anguish, and loss of enjoyment of life in personal injury cases has long been permitted, even prior to the enactment of the Jones Act. *See, e.g., Ramjak v. Austro–American S.S. Co.,* 186 F. 417, 418 (C.C.A.5th.1911). This conclusion is

also supported by the fact that Defendant fails to cite a single nonfatal maritime injury case denying recovery for these specific damages.

2. Recognizing the precedential value of these Fifth Circuit opinions, this Court has previously allowed recovery for precisely these types of damages. *See, e.g., Thier v. Lykes Bros., Inc.,* 900 F.Supp. 864, 876 (S.D.Tex. 1995).

tion for Partial Summary Judgment is **DE-NIED.**

**IT IS SO ORDERED.**