Jerry STOGNER

v.

**CENTRAL BOAT RENTALS, INC. et al**

No. Civ.A. 03–2119.

United States District Court, E.D. Louisiana.

May 11, 2004.

---

Robert J. Young, Jr., Timothy J. Young, The Young Firm, New Orleans, LA, for Plaintiff.

Bernard H. Ticer, Timothy Alexander Porteous, Burke & Mayer, New Orleans, LA, for Defendants and Third–Party Plaintiff.

Glenn Gill Goodier, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Frank Anthony Piccolo, Jack C. Benjamin, Jr., Willa R. LeBlanc, Preis, Kraft & Roy, Rufus C. Harris, III, Alfred Jackson Rufty, III, Cindy Galpin Martin, Harris & Rufty, LLC, New Orleans, LA, for Defendants.

Allen F. Campbell, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Third–Party Defendant.

## ORDER AND REASONS

BARBIER, District Judge.

Before the Court is Plaintiff's Opposition to Defendant's Motion to Dismiss Punitive Damages Claim (Rec.Doc. 42) construed broadly by this court as a Motion for Reconsideration. Upon consideration of the briefs and evidence submitted by counsel, the record, and applicable law, the Court finds that Plaintiff's Motion for Reconsideration should be GRANTED.

## BACKGROUND

On July 25, 2003, Jerry Stogner, employed by Central Boat Rentals, Inc. ("Central Boat") as a Jones Act seaman, filed a complaint in this Court alleging that he was injured while working offshore between Rig 9 and the Helen S2 Liquid Mud Barge. In the initial complaint, Plaintiff sued both Central Boat and The Offshore Drilling Company f/k/a R & B Falcon Drilling, U.S.A., Inc. ("Offshore") alleging that Offshore owned, operated, or controlled the mud barge and rig. In addition, Plaintiff filed a second supplemental and amending complaint adding McMoran Oil & Gas, L.L.P. ("McMoran"), a third-party nonemployer, as a defendant.

Plaintiff asserts that McMoran had "company men" who were aboard the Falcon vessel and who participated in the operation conducted at the time of Plaintiff's injury. Subsequently, Plaintiff filed a third supplemental and amending complaint adding a cause of action for punitive damages under general maritime law against McMoran. Plaintiff alleges that his injury occurred within state territorial waters, and thus, punitive damages are recoverable under general maritime law.

On February 11, 2004, McMoran filed a Motion to Dismiss Plaintiff's Punitive Damages Claim (Rec.Doc. 33). Plaintiff failed to timely file a timely opposition to McMoran's motion. Plaintiff failed to file an opposition, and this Court, finding that McMoran's motion had merit, granted the Motion to Dismiss Punitive Damages as unopposed (Rec.Doc. 39). One day later, Plaintiff filed a Motion for Leave to File Late Opposition to Defendant's Motion to Dismiss (Rec.Doc. 41). Therefore, this Court broadly construes Plaintiff's late filed opposition as a Motion for Reconsideration.

## STANDARD OF REVIEW

Although a motion for reconsideration does not actually exist under the Federal Rules of Civil Procedure, the Fifth Circuit has allowed such motions and has held that a motion for reconsideration may be brought under Rule 59 or Rule 60. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). Because Plaintiff filed his motion for reconsideration within ten days of this Court's order. Plaintiff's motion falls under Rule 59. Plaintiff's request specifically falls under Rule 59(e) as a motion to "alter or amend the judgment." Fed.R.Civ.P. 59(e). Great discretion is given to the district court to grant or deny a motion under Rule 59(e). *Lavespere*, 910 F.2d at 173.

## DISCUSSION

In *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court held that nonpecuniary damages for the wrongful death of a seaman could not be recovered by the deceased seaman's surviving parent. In supporting its decision, the Court noted that damages available under a general maritime wrongful death action are limited by the Death on the High Seas Act ("DOHSA") to "pecuniary loss sustained by the persons for whose benefit the suit is brought." 46 U.S.C. app. § 762; *Id.* at 31, 111 S.Ct. at 325. The Court found such language to be explicit in limiting and foreclosing nonpecuniary losses, such as loss of society in a general maritime action. *Id.* Respondent in *Miles* argued that the Court has power under *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) to supplement maritime statutes. *Miles*, 498 U.S. at 32, 111 S.Ct. at 325. However, the Court found that Congress had spoken directly to the issue of recoverable damages on the high seas and that when Congress does speak directly, courts are not free to supplement its answer. *Id.* The Court further reasoned that although the Jones Act, 46 U.S.C. § 761, does not explicitly limit recovery to pecuniary losses, Congress made its intent clear when it incorporated provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–59, into the Jones Act. *Id.* at 31, 111 S.Ct. at 325. Thus, Congressional intent dictates that "[t]here is no recovery for loss of society in a Jones Act wrongful death action." *Id.*

Although the plaintiff in the instant case, Jerry Stogner, is a seaman like the plaintiff's decedent in *Miles,* Stogner's claims against the nonemployer defendant, McMoran, are governed solely by the general maritime law and do not arise from any Congressional maritime statutes such as the Jones Act or DOHSA. Consequently, Mr. Stogner argues that under general maritime law, punitive damages are available. Many post-*Miles* decisions have questioned the availability of punitive and other nonpecuniary damages under the general maritime law. *See, e.g., Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496 (5th Cir.1995) (en banc), cert. denied, 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996); *Kelly v. Bass Enter. Prod. Co.,* 17 F.Supp.2d 591 (E.D.La.1998). However, the current trend is that in certain limited circumstances, such damages are allowable.

*In In re Horizon Cruises Litigation,* 101 F.Supp.2d 204 (S.D.N.Y.2000), plaintiffs brought suit after a defective whirlpool filter caused them to contract Legionnaire's Disease while aboard the defendant's cruise ship. The Court traced the long history of punitive damages in admiralty law and concluded that the thrust of the Miles decision "does not enunciate an absolute bar to recovery of punitive damages in all general maritime cases. Indeed, *Miles*

does not signify ·a case for 'universal uniformity of maritime tort remedy,' but rather 'emphasizes the importance of uniformity in the face of applicable legislation.'" *Id.* at 213 (citations omitted) (emphasis added). Further, the Court found that *Miles* was not concerned with the awarding of nonpecuniary damages, but rather inconsistencies within statutory law. *Id.* Thus, in the interests of uniformity, Congressional legislation may displace both general maritime and State law. *Id.* at 213–14.

In addition, several decisions from this district have recognized that maritime plaintiffs who are not covered by a federal statute precluding such damages may have a claim for punitive damages. *Rutherford v. Mallard Bay Drilling, L.L.C.,* No. CIV.A. 99–3689, 2000 WL 805230, at * 2 (E.D.La. June 21, 2000) (holding Longshoremen able to recover nonpecuniary damages because of continued vitality of *Sea–Land Servs., Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974)); *In the Matter of: Denet Towing Serv., Inc.,* No.CIV.A. 98–1523, CIV.A. 98–1583, 1999 WL 329698, at * 2–3 (E.D.La. May 21, 1999) (holding no indication in Miles of disapproval of long line of cases allowing punitive damages under general maritime law and punitive damages are available under general maritime law where there is no statutory overlap); *Maritrans Operating Partners v. Diana T. M/V,* No. CIV.A. 97–1916, 1999 WL 144458, at * 7 (E.D.La. Mar.15, 1999) (holding punitive damage claim allowed when there is no overlap between general maritime law and a federal statute).

While the Fifth Circuit in *Guevara,* 59 F.3d at 1496, held punitive damages unavailable in the very limited context of willful nonpayment of maintenance and cure under general maritime law, in *Galveston County Navigation District No. 1 v. Hopson Towing Co., Inc.,* 92 F.3d 353 (5th Cir.1996), the Court noted that "there is arguably some question as to whether or not there remains a class of conduct ... for which punitive damages ... are available under admiralty law." *Galveston,* 92 F.3d at 359 (citations omitted).

The current trend in the case law supports a punitive damages claim under the general maritime law when there is no overlap with federal statutes. In the instant case, Stogner's claim against the nonemployer, McMoran, is based solely on the general maritime law and does not overlap with any federal statute.[1]

In addressing the narrow issue of the recovery of nonpecuniary damages against a nonemployer, a split exists among various judges on this Court. Some cases in this Court have held that *Miles* should be broadly construed to preclude recovery of nonpecuniary damages against third-party nonemployers. *See, e.g., Trident Marine, Inc. v. M/V Atticos,* 876 F.Supp. 832, 837 (E.D.La.1994) (holding Jones Act plaintiff may not recover nonpecuniary damages from nonemployer third-party tortfeasor); *Walker v. Braus,* 861 F.Supp. 527, 538 (E.D.La.1994) (finding that the concern in *Miles* for uniformity must apply with equal force in cases involving nonemployers); *In re Diamond B Marine Servs., Inc.,* No. 99–951, 99–984, 99–1346, 2000 WL 805235, at *3 (E.D.La. June 21, 2000) (concluding that the *Miles* uniformity principle re-

---

1. In making such a conclusion, the Court is mindful of the following language from *Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199, 213, 116 S.Ct. 619, 627, 133 L.Ed.2d 578 (1996), *"Moragne,* in sum, centered on the extension of relief, not on the contraction of

remedies. The decision recalled that "it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to hold it by established and inflexible rule."

quires that loss of society damages should not be available under general maritime law against a third-party); *Mastrodonato v. Sea Mar, Inc.*, No. CIV.A. 99–2547, 2000 WL 739284, at *1 (E.D.La. June 6, 2000) (stating that the uniformity sought by the court in *Miles* is best served by denying loss of consortium damages against a third-party just as they are denied against a seaman's employer).

However, other cases arising in this Court have found the opposite and have refused to expand the holding of *Miles*. *See, e.g., Denet*, 1999 WL 329698, at *2–*3 (finding that there is no basis to extend *Miles* beyond the seaman-employer relationship); *Rebstock v. Sonat Offshore Drilling*, 764 F.Supp. 75, 76 (E.D.La.1991) (holding that status as a Jones Act seaman has no relevance in allowing a seaman recovery for a general maritime law negligence action against third parties); *Verdin v. L&M Bo–Truc Rental, Inc.*, Civ.A.No. 88–308, 1991 WL 87930, at *4 (E.D.La. May 21, 1991) (concluding that loss of consortium claim was allowed because *Miles* addressed claims under general maritime law of unseaworthiness and the Jones Act and did not address negligence actions).

In the present case, McMoran argues that this court should follow the holding of the Fifth Circuit in *Murray v. Anthony Bertucci Const. Co., Inc.*, 958 F.2d 127 (5th Cir.1992). *Murray* held the wife and children of a seaman injured in state waters could not recover nonpecuniary damages either under the Jones Act or under general maritime law. *Id.* at 132. Although Fifth Circuit jurisprudence is binding on this Court, the holding in *Murray* has no bearing on the present case because *Murray* did not address recovery against a third-party nonemployer. Although McMoran accurately states that several cases from this district have precluded nonpecuniary damages against a third-party nonemployer, the Fifth Circuit has not ruled on this narrow issue. Therefore, this Court is not bound by any of the cases cited by McMoran.

■ Instead, this Court finds persuasive the holdings of several cases concluding that nonpecuniary damages may be recoverable against a third-party nonemployer. Although some cases have held that making a distinction between employer and nonemployer defendants would result in inconsistency and negate the uniformity as espoused in *Miles*, this Court respectfully disagrees. As the pointed out above in *Horizon Cruises*, the uniformity spoken of in *Miles* is not universal uniformity of maritime tort remedy, but rather uniformity *in the face of applicable legislation*. In the instant case, there is no applicable federal legislation governing Mr. Stogner's claim against McMoran. Thus, for the reasons stated below, this Court concludes that punitive or nonpecuniary damages may be recoverable in a general maritime law negligence action against nonemployers.

■ In the case of *Denet*, the court analyzed the precise issue now before this Court and concluded that no basis existed to extend *Miles* beyond the seaman-employer relationship. *Denet*, 1999 WL 329698 at * 2. In finding that *Miles* should not be construed so broadly as to extend the Jones Act's limits on recovery to a nonemployer, *Denet* followed the rationale of several prior cases.[2] *Id.* at *2–*8. The court in *Denet* recognized that the Jones

2. *Gerdes v. G & H Towing Co.*, 967 F.Supp. 943 (S.D.Tex.1997); *Sugden v. Puget Sound Tug & Barge Co.*, 796 F.Supp. 455 (W.D.Wash.1992); *Emery v. Rock Island Boat-works*, 847 F.Supp. 114 (C.D.Ill.1994); *Mussa v. Cleveland Tankers*, 802 F.Supp. 84 (E.D.Mich.1992).

Act prohibits recovery of nonpecuniary damages in general maritime law cases against an employer. *Id.* at *2. *Denet* explained that "[t]he Jones Act has no bearing on a third party tortfeasor." *Id.* Accordingly, because "Congress has not acted to regulate the relationship between a seaman and a third party non-employer in territorial waters ... limiting recovery runs afoul of the established fundamental policies of the general maritime law as well as modern tort law." *Id.* at *8.

Professor Robert Force explained in great detail precisely why the goals of uniformity and deference to legislation as espoused in *Miles* should not be pursued by courts in a narrow context without considering "important policy implications" and "historical factors." Robert Force, *The Curse of Miles v. Apex Marine Corp.: The Mischief of Seeking "Uniformity" and "Legislative Intent" In Maritime Personal Injury Cases,* 55 La. L.Rev. 745, 765 (1995). "A Jones Act cause of action may be invoked only by a seaman and may be asserted only against the seaman's employer." *Id.* at 745. A seaman's cause of action against a nonemployer may be brought under the general maritime law. *Id.* Although the seaman must prove negligence under both the Jones Act and general maritime law, the standard for proving negligence under general maritime law is more stringent. *Id.* According to the Jones Act, Congress intended to restrict a seaman's recovery against his employer to pecuniary damages. *Id.* However, because it is easier to establish liability in a negligence cause of action under the Jones Act than a negligence action under general maritime law, the damage recovery restriction can be considered as a compromise or benefit to the employer. *Id.* at 795.

Since statutory guidance does not exist regarding the restriction of damages in negligence suits against nonemployers and because liability is more difficult to prove in negligence actions under general maritime law, treating employers and nonemployers as equals does not necessarily weigh on the side of uniformity. Moreover, instead of lumping together employers and nonemployers under the guise of uniformity, remedies available under the general maritime law should be analyzed since the general maritime law, not the Jones Act, applies to a seaman's negligence action against a nonemployer. Accordingly, because a longshoreman or a passenger on a vessel can recover nonpecuniary damages under general maritime law, the seaman who brings a claim against a nonemployer under general maritime law should also be able to recover nonpecuniary damages.

Without the benefit of applicable congressional legislation or Fifth Circuit precedence, this Court concludes that a Jones Act seaman who brings a claim against a nonemployer, third-party defendant, which claim falls solely under general maritime law and not under the Jones Act or any other federal statute, may assert a claim for punitive damages. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Rec Doc. 42) is GRANTED and plaintiff's claim for punitive damages is reinstated.